The Honorable John C. Coughenour

NOTE ON MOTION CALENDAR: NOVEMBER 13, 2015

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON OF SEATTLE**

| | |
|---|---|
| YEI A. SUN and LIPING M. SUN, husband and wife; and HAIMING OWEN SUN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCED CHINA HEALTHCARE, INC., a Cayman Islands company; and ALICIA KAO, an individual,<br>                    Defendants. | NO.  2:15-CV-01385<br><br>DEFENDANT ALICIA KAO'S MOTION TO DISMISS |

## I.   INTRODUCTION

"The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system."  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22, 33-34 (1988) (Kennedy, J., concurring).  Based on this principle, Defendant Alicia Kao, M.D. ("Kao") respectfully asks the Court to dismiss the claims brought by Yei A. Sun, Liping M. Sun, and Haiming Owen Sun (the "Suns" or "Plaintiffs") under the *forum non conveniens* doctrine because the Suns agreed to a forum-selection clause that applies to this dispute and mandates that it be resolved in the state courts of Santa Clara County in California.  The Suns now wish to ignore their bargain and have filed this action in direct violation of that forum-selection clause.  This Court should not allow the Suns to escape their contractual obligation to litigate this dispute in Santa Clara County,

California. It should enforce the Suns' bargained-for choice of forum and dismiss this lawsuit without prejudice.

## II.     RELEVANT FACTS

**A.     Parties.**

Kao is a California citizen and is currently residing in China. Declaration of Alicia Kao ("Kao Decl."), ¶ 2. She was the President of Advanced China Healthcare, Inc. ("ACH"), a Cayman Islands corporation established to do business in China, until November 2014. *Id.* ¶ 1. Yei A. Sun, Liping M. Sun, and Haiming Owen Sun are Washington residents. Complaint ¶¶ 1-2.[1]

**B.     The Parties' Negotiations.**

Kao, as President of ACH, met with the Suns in December 2010 in Seattle, Washington but did not negotiate the sale of ACH stock with the Suns. *Id.* When Kao met the Suns, she understood that they had already decided to invest in ACH after addressing the terms of their investment with Robert Claassen, a lawyer in Palo Alto, California who worked on behalf of ACH, and his associates. *Id.* Palo Alto is located within Santa Clara County. CityOfPaloAlto.org, About Palo Alto, http://www.cityofpaloalto.org/visiting/about_palo_alto.asp (last visited Oct. 14, 2015).

In January 2011, the Suns and ACH, through Kao, executed the Advanced China Healthcare, Inc. Series B Preference Share Purchase Agreement. Kao Decl., Ex. 1 (the "Purchase Agreement"). The Purchase Agreement commemorated the terms that Claassen, on behalf of ACH, and the Suns negotiated. Kao Decl. ¶ 4. Yei A. Sun and Liping M. Sun as a married couple and Haiming Owen Sun each agreed to purchase 400,000 Series B Preference shares of ACH stock for $1,400,000. Complaint ¶¶14-15; Purchase Agreement, Ex. A. All parties, including Plaintiffs, agreed that "[w]ith respect to any disputes arising out of or related to this Agreement, the parties consent to the exclusive jurisdiction of, and venue in, the state courts

---

[1] Kao lacks knowledge sufficient to admit or deny these allegations in Plaintiffs' Complaint. For purposes of this motion, Kao will not contest the referenced allegations in Plaintiffs' Complaint.

in Santa Clara County in the State of California." Purchase Agreement, Art. 7.15. The Parties also agreed that the Purchase Agreement "shall be governed in all respects by the internal laws of the State of California as applied to agreements entered into among California residents to be performed entirely within California, without regard to the principles of conflicts of law." Purchase Agreement, Art. 7.4.

### III.   LAW & ARGUMENT

**A.   The forum-selection clause is enforceable against Plaintiffs.**

As described more fully below, Kao may enforce the forum-selection clause against the Suns because she is closely related to the contractual relationship between ACH and the Suns and because the claims relate to the Purchase Agreement. To determine the enforceability and scope of a forum-selection clause, federal courts sitting in diversity apply federal law. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Under federal law, "[f]orum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Id.* at 514 (second alteration in original) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907 (1972)). The party challenging a forum-selection clause bears a "heavy burden of proof." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *The Bremen*, 407 U.S. at 15).

**1.   Plaintiffs cannot show that enforcing the forum-selection clause would be unreasonable or unjust.**

In *Mao v. Sanum Invs., Ltd.*, the district court found that enforcement of the forum-selection clause would not be unjust or unreasonable because the agreement "was negotiated at arm's length over a period of months between experienced business persons." 2014 U.S. Dist. LEXIS 146983, *6 (D. Nev. 2014).

Here, Plaintiffs negotiated with ACH at arm's length and warranted that they were sophisticated investors. *See* Kao Decl. ¶¶ 3, 5; Purchase Agreement, Art. 4.3, p. 9. The Suns certified that they had "substantial experience in evaluating and investing in private placement

transactions of securities in companies similar to [ACH] and acknowledge[d] that [they] can protect [their own] interests." Purchase Agreement, Art. 4.3, p. 9.  They also warranted that they had "knowledge and experience in financial and business matters so that [they were] capable of evaluating the merits and risks of . . . investment in [ACH]."  *Id.*  Under these circumstances, enforcing the forum-selection clause to which Plaintiffs agreed is just and reasonable.  *See New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997) (giving "substantial deference" to forum-selection clause, especially when "the choice of [a] forum was made in an arm's-length negotiation by experienced and sophisticated business[persons]").

Plaintiffs allege that they relied on misrepresentations by ACH and Kao in entering the Purchase Agreement.  *See e.g.*, Complaint ¶¶ 14-16, 20.  But this is insufficient to invalidate the forum-selection clause.  "Simply alleging that one was duped into signing the contract is not enough; for a party to escape a forum selection clause on the grounds of fraud, it must show that the <u>inclusion of that clause in the contract</u> was the product of fraud or coercion."  *Holck v. Bank of N.Y. Mellon Corp.*, 769 F. Supp. 2d 1240, 1249 (D. Haw. 2011) (quoting *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998)).  Because Plaintiffs cannot show fraud or overreaching *with respect to inclusion of the forum-selection clause*, that clause is valid and enforceable.

**2. The forum-selection clause applies to these claims because the claims arise out of and are related to the Purchase Agreement.**

"[F]orum selection clauses can be equally applicable to contractual and tort causes of action."  *Manetti-Farrow Inc.*, 858 F.2d at 514.  A forum-selection clause applies to a tort claim if the claim relates to interpretation of the contract.  *Id.*  In *Manetti-Farrow Inc.*, the plaintiff complained, among other things, that Gucci instituted a price squeeze and fraudulently obtained the plaintiff's customer lists and business information.  *Id.*  The court of appeals found that "[e]ach of these claims relates in some way to the rights and duties enumerated in the exclusive dealership contract.  The claims cannot be adjudicated without analyzing whether the parties were in compliance with the contract."  *Id.*  The court therefore found that these tort claims were

DEFENDANT ALICIA KAO'S MOTION TO DISMISS - 4

within the scope of the forum-selection clause.  *Id.*  Similarly, courts have held that claims for fraud and antitrust were within the scope of a forum-selection clause on the basis that the clause's broad language "include[d] all causes of action arising directly or indirectly from the business relationship evidenced by the contract."  *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987) *aff'd and remanded*, 487 U.S. 22 108 S.Ct. 2239 (1988).

Here, the Purchase Agreement forms the basis of the Suns' investments in ACH and each of their claims arise out of their negotiation with ACH and decision to purchase ACH stock under the Purchase Agreement.  In fact, the Suns request rescission of the Purchase Agreement as a remedy.  *See* Complaint, Introduction ("This is an action . . . to rescind the purchase and sale of stock . . .") and Section IV-B (seeking "Rescission" in Prayer for Relief).  "The right of rescission is the right to cancel (rescind) *a contract* upon the occurrence of certain kinds of ***default by the other contracting party***."  *See e.g.*, Black's Law Dictionary 1306-07 (6th ed. 1990) (emphasis added).  The Court cannot grant rescission of the Purchase Agreement without analyzing that contract, and a complaint asking to rescind a contract is related to that contract.

Moreover, the Suns' claim that they reasonably relied on Kao's representations in deciding to invest in ACH cannot be evaluated without analyzing the Purchase Agreement.  The Purchase Agreement memorialized the warranties ACH made to Plaintiffs and provided that "[n]o party shall be liable or bound to any other party in any manner with regard to the subjects hereof . . . by any warranties, representations or covenants except as specifically set forth herein."  Purchase Agreement, Art. 7.9.  Thus, the Suns' reliance on any alleged representations of Kao must be evaluated based on the warranties contained in the Purchase Agreement.

Indeed, many of Plaintiffs' allegations are directly addressed by the parties' Purchase Agreement.  For instance, Plaintiffs allege that Kao represented that "ACH had received . . . substantial series seed funding."  Complaint ¶ 9(c)(i).  In the Purchase Agreement, ACH warranted that "the authorized share capital of the Company will also consist of 5,733,758 Preference Shares, 2,300,000 of which are designated Series Seed Preference Shares."  Purchase Agreement, Art. 3.3, p. 3.  As another example, Plaintiffs allege that Kao represented that "all

necessary government licenses and permits had been granted to ACH." Complaint ¶ 9(d). In the Purchase Agreement, ACH warranted that "[t]he Company ha[s] all franchises, permits, licenses, and any similar authority necessary for the conduct of its business as now being conducted by it except for those set forth on Schedule 3.12." Purchase Agreement, Art. 3.12, p. 7.

Plaintiffs and ACH set forth their warranties in the Purchase Agreement and agreed that only those warranties in the contract were binding. A court cannot analyze whether Kao or ACH made material misrepresentations without interpreting the warranties in the Purchase Agreement. Moreover, Plaintiffs seek to rescind the Purchase Agreement as a remedy. Their claims arise out of and are related to the Purchase Agreement.

### 3. Kao may enforce the forum-selection clause as a non-party to the Purchase Agreement because she is closely related to the contractual relationship and Advanced China Healthcare.

Kao may enforce the forum-selection clause despite the fact that she did not sign it in her individual capacity. In the Ninth Circuit, non-signatories may enforce a forum-selection clause where their conduct is closely related to the contractual relationship at issue. *Manetti-Farrow, Inc.*, 858 F.2d at 514 n.5 (rejecting plaintiff's argument that non-signatory could not enforce forum-selection clause because "alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants"). A non-signatory is closely related to the contractual relationship, and may therefore enforce a forum-selection clause, where she is involved with the agreement negotiations. *Mao v. Sanum Invs., Ltd.*, 2014 U.S. Dist. LEXIS 146983, *9 (D. Nev. 2014).

Kao was the President of ACH and executed the Purchase Agreement on behalf of ACH as its agent. Kao Decl. ¶¶ 1, 4; Purchase Agreement, signature page. Thus, she is closely related to the contractual relationship between ACH and the Suns and may enforce the forum-selection clause.

**B.      Because the forum-selection clause is enforceable, the Court should dismiss this action under the doctrine of *forum non conveniens*.**

"The appropriate way to enforce a forum-selection clause pointing to a state . . . forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S.Ct. 568, 580, 187 L.Ed.2d 487, 499 (2013).  To determine whether to dismiss an action under *forum non conveniens*, the court ordinarily examines "(1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001).  "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Constr.*, 134 S.Ct. at 581.

When considering *forum non conveniens* in the presence of a forum-selection clause, the plaintiff, as the party defying the forum-selection clause, "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted," and the plaintiff's choice of forum should be given no weight.  *Id.*  Moreover, the court considering the forum-selection clause "must deem the private-interest factors to weigh entirely in favor of the preselected forum" and may consider only arguments about the public-interest factors of the doctrine.  *Id.* at 582.  "Because [the public-interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."  *Id.*

Plaintiffs cannot show that the public-interest factors weigh in favor of this Court, let alone that they overcome the strong presumption in favor of enforcing a valid forum-selection clause.  The public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6.  There is no legitimate argument that the courts of Santa Clara County are incapable of adjudicating this dispute in a reasonable manner.  Nor is it the case that this is a localized dispute that should be decided at home.  Plaintiffs reside in Washington, but Kao is a California citizen,

DEFENDANT ALICIA KAO'S MOTION TO DISMISS - 7

and ACH is a Cayman Islands corporation organized to do business in China.  Complaint ¶¶ 1-3; Kao Decl. ¶¶ 1-2.  Plaintiffs also allege that they spoke with Robert Claassen, a Santa Clara County lawyer working on behalf of ACH, before deciding to purchase ACH stock.  Complaint ¶ 11.  To the extent Plaintiffs argue that Santa Clara courts are less qualified to apply Washington securities law, the Plaintiffs (as sophisticated investors) should have considered this *before* agreeing to Santa Clara County courts as the exclusive forum for resolving disputes related to the Purchase Agreement.  In any event, the Purchase Agreement also provides that California law shall govern the parties' performance.  Purchase Agreement, Art. 7.4, p. 15.  Thus, Washington securities law arguably does not apply.  The public-interest factors do not favor Plaintiffs' choice of this forum.

## IV.   CONCLUSION

Plaintiffs bargained for a forum-selection clause obligating them to bring suit in the courts of Santa Clara County, California.  They now seek to disregard their own agreement.  Because the forum-selection clause is enforceable and this is not an extraordinary case with respect to the public-interest factors, Kao respectfully asks the Court to dismiss this action under the *forum non conveniens* doctrine and allow Plaintiffs to refile their lawsuit in Santa Clara as they promised to do in the first place.

DATED this 16th day of October, 2015.

SEBRIS BUSTO JAMES

/s/ M. Edward Taylor
M. Edward Taylor, WSBA #16864
Email: etaylor@sebrisbusto.com
Nate Bailey, WSBA #40756
Email: nbailey@sebrisbusto.com
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: 425-454-4233 / Fax:  425-453-9005
Attorneys for Defendant

# CERTIFICATE OF SERVICE

I, April L. Jendresen, certify under penalty of perjury under the laws of the United States that, on October 16, 2015 I served the document to which this is attached to the party listed below in the manner shown.

ATTORNEY FOR PLAINTIFF:

| | |
|---|---|
| Stephen C. Willey, WSBA #24499 | [ ]   By United States Mail |
| Matthew H, Rice, WSBD #44034 | [ ]   By Legal Messenger |
| 1425 Fourth Avenue, Suite 800 | [ ]   By Facsimile |
| Seattle, Washington 98101-2272 | [ ]   By Overnight Fed Ex Delivery |
| swilley@sbwllp.com | [ ]   Via E-Mail |
| mrice@sbwllp.com | [X]   Via E-Service |

/s/ April L. Jendresen
April L. Jendresen

DEFENDANT ALICIA KAO'S MOTION TO DISMISS - 9