The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

YEI A. SUN and LIPING M. SUN, husband and wife; and HAIMING OWEN SUN, an individual,

     Plaintiffs,

     v.

ADVANCED CHINA HEALTHCARE, INC., a Cayman Islands company; and ALICIA KAO, an individual,

     Defendants.

No.    2:15-cv-01385-JCC

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT ALICIA KAO'S MOTION TO DISMISS**

NOTE ON MOTION CALENDAR:
November 13, 2015

*ORAL ARGUMENT REQUESTED*

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

## TABLE OF CONTENTS

2  I.     INTRODUCTION ...................................................................................................... 2

3  II.    STATEMENT OF FACTS ......................................................................................... 3

4  III.   ARGUMENT AND AUTHORITY .......................................................................... 4

5        A.    Plaintiffs' Statutory Claims under Washington Law are Not Within
the Scope of the SPA's Forum Selection Provision. ................................. 4

6        B.    Enforcement of the Forum Selection Provision Would Violate
Washington Public Policy. ........................................................................ 7

7  IV.   CONCLUSION ........................................................................................................ 9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## I.   INTRODUCTION

In December 2010, Defendant Alicia Kao traveled to Washington—to the home of Plaintiffs Yei A. Sun and Liping M. Sun—in order to solicit Plaintiffs' investment in Advanced China Healthcare, Inc. ("ACH").  In reliance on Kao's materially false representations and omissions, Plaintiffs invested $2,800,000 in ACH in January 2011.  By this lawsuit, Plaintiffs, all Washington residents, seek relief against Kao for violations of the Washington State Securities Act ("WSSA").  As provided for by the WSSA, the Suns request the statutory remedies of rescission of their purchase, prejudgment interest from the date of their purchase, and an award of attorney's fees.

Kao now moves to dismiss Plaintiff's claims.  The premise of Kao's motion is that Plaintiffs' claims should be dismissed because they are subject to a contractual forum selection provision contained in the identical form stock purchase agreements that Plaintiffs entered into with ACH (the "SPA").  But the factual basis for Plaintiffs' claims concerns Kao's conduct prior to and independent of the execution of the SPA.  Accordingly, Plaintiffs' claims do not concern the performance or interpretation of the stock purchase agreements—and Kao herself emphasizes the point by her assertion that the terms of the SPA were already negotiated when she met with the Suns.  Perhaps more importantly, Kao's motion is an improper effort to avoid the WSSA and its central policy predicate—the protection of Washington investors.

Kao's motion should be denied for either or both of the following reasons:

> ➢   The forum selection provision in the SPA does not govern Plaintiffs' statutory causes of action under the WSSA.  Under well-settled Ninth Circuit precedent, a contractual forum selection clause applies to non-contractual claims only where resolution of the non-contractual claims requires construction or interpretation of the contract.  The Suns' claims against Kao are independent of the terms of their subsequent agreement with ACH.  The determination whether Kao's solicitation of the Suns' investment comprised actionable misrepresentations or omissions, or otherwise violated RCW 21.20.010, does not depend upon or require interpretation of the SPA.

> ➢   The forum selection provision in the SPA is unenforceable as contrary to Washington public policy.  Washington courts have made clear that enforcing a forum selection provision that would impede a Washington plaintiff from vindicating his or her Washington statutory rights is contrary to public policy.  This is precisely the result

that would follow from forcing Plaintiffs to proceed in California: the applicable California securities law provides no remedy for acts taking place outside of that state. Thus, in California, Plaintiffs would be denied their remedy under the WSSA, which is precisely the outcome abhorred by clearly-established Washington public policy.

Under Washington law, Kao must answer for her conduct in this State. There is no proper legal basis upon which Kao may force Plaintiffs to a California court and Kao's motion to dismiss should be denied.

## II.    STATEMENT OF FACTS

1.      In December 2010, Alicia Kao traveled to Washington to solicit Plaintiffs' investment in ACH. (¶ 7;[1] Yei A. Sun Decl., ¶ 3; *see also* Kao Decl. [Dk.t 17], ¶ 3.) The Suns hosted Kao in their condominium in Bellevue, Washington. (Sun Decl., ¶ 3.)

2.      During her visit to Washington, Kao made representations to Plaintiffs to induce their investment. (¶¶ 8-10; Sun Decl., ¶¶ 3-4.)

3.      Plaintiffs relied on Kao's representations in making their decision to invest in ACH. (¶¶ 14-15, Sun Decl., ¶ 4.)

4.      The Suns "did not have a pre-existing or close relationship with ACH." (Kao Decl., ¶ 3.)

5.      The Suns did not make a decision to invest in ACH until after meeting with Kao. (Sun Decl., ¶¶ 3-6.)[2]

6.      On January 6, 2011, Plaintiffs executed identical stock purchase agreements with ACH (the "SPA"). (¶¶ 14-15; *see also* Kao Decl. at Ex. 1 thereto.)

7.      The SPA includes the following provisions:

> 7.4  *Governing Law*. This Agreement shall be governed in all respects by the internal laws of the State of California as applied to agreements entered into among California residents to be performed entirely within California, without regard to principles of conflict of laws

---

[1] References to "¶" are to Plaintiffs' Complaint (Dkt. No. 1).

[2] Contrary to Kao's assertion, the Suns had not "already negotiated the terms of their investment at arm's length" prior to meeting with Kao. (*Compare* Sun Decl., ¶ 5 *with* Kao Decl., ¶ 3.) They were, however, told that a healthcare venture fund based in Alabama, Brookline Investments, had engaged in extensive due diligence of ACH and that, as a result, Brookline was investing in ACH. (Sun Decl., ¶ 5.)

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT ALICIA KAO'S MOTION TO DISMISS - 3
(No. 2:15-cv-01385-JCC)

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

* * *

> 7.15  *Jurisdiction; Venue* With respect to any disputes arising out of or related to this Agreement, the parties consent to the exclusive jurisdiction of, and venue in, the state courts in Santa Clara County in the State of California (or in the event of exclusive federal jurisdiction, the courts of the Northern District of California).

(Kao Decl. at Ex. 1.)

## III.   ARGUMENT AND AUTHORITY

Kao invokes the doctrine of *forum non conveniens* on the basis of the SPA's forum selection provision identifying the courts of Santa Clara County, California as the exclusive venue for disputes arising from the SPA.[3]  The forum selection provision is not applicable to this dispute, and in any event it should not be enforced.

### A.   Plaintiffs' Statutory Claims under Washington Law are Not Within the Scope of the SPA's Forum Selection Provision.

Although the Suns only assert WSSA claims, Kao seeks to bring the statutory claims within the scope of the SPA by asserting that "forum selection clauses <u>can</u> be equally applicable to contractual and tort causes of action."  (Mtn. [Dkt. 16] at 4:20-21, citing *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (emphasis supplied).)  While the quote is accurate, Kao's argument is misplaced.

As an initial matter, the scope of a forum selection clause is a matter of contract interpretation governed by federal law.  *Manetti-Farrow,* 858 F.2d at 513.  A contractual forum selection provision is presumptively valid, and enforceable—by either transfer or dismissal—when the asserted claims are <u>within the scope of the contractual agreement</u>.  But "[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract."  *Id.* at 514 (citations omitted).

---

[3] Of course, for parties located in Washington (Plaintiffs) and China (Kao), a California court is not a "convenient" forum, and Kao does not assert otherwise.  And ACH is a Cayman Islands company with no presence in California.  As a procedural matter, Kao properly relies upon *forum non conveniens* in light of the SPA's designation of a state court forum, as opposed to another federal district to which this Court could transfer the action under 28 U.S.C. § 1404(a).  But to be clear:  other than urging the enforcement of a forum selection provision, Kao makes no effort to shoulder her burden to show that an adequate alternative forum exists and that the balance of private and public interest factors favors dismissal.  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015) (defendant bears burden of establishing grounds for *forum non conveniens* dismissal).

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT ALICIA KAO'S MOTION TO DISMISS - 4
(No. 2:15-cv-01385-JCC)

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

2

3

In *Manetti-Farrow*, the Ninth Circuit addressed the applicability of a contractual forum selection provision to various tort claims asserted by the plaintiff.  The court observed that this issue required it to "determine if Manetti–Farrow's claims require interpretation of the contract."  858 F.2d at 514.  Accordingly, the court considered the claims and the underlying fact context and relevant proof and held as follows:[4]

4

5

> Each of these claims relates in some way to rights and duties enumerated in the exclusive dealership contract.  The claims cannot be adjudicated without analyzing whether the parties were in compliance with the contract.  Therefore, because the tort causes of action alleged by Manetti–Farrow relate to "the central conflict over the interpretation" of the contract, they are within the scope of the forum selection clause.

6

7

8

9

10

11

*Id.* (emphasis supplied).

12

13

In contrast, where a statutory or tort claim does not require construction or interpretation of a contract, it is beyond the reach of a contractual forum selection.  Thus, in *Arreguin v. Global Equity Lending Inc.*, No. C 07-06026, 2008 WL 4104340 (N.D. Cal. Sept. 2, 2008), the court denied a motion to dismiss claims arising from a state statute.  It held that a contractual forum selection clause was inapplicable because the terms of the parties' agreement were irrelevant to the determination of the statutory duties and whether they had been breached.  "The statutory right … exists regardless of what is provided for in the agreement".  *Id.* at *4.

14

15

16

17

18

19

Likewise, in *Ryan v. Microsoft Corp.*, No. 14-cv.04634-LHK, 2015 WL 1738352 (N.D. Cal. Apr. 10, 2015) the court denied a motion to transfer venue where plaintiffs alleged an antitrust conspiracy to depress wages on the grounds.  The Plaintiffs were party to employment agreements providing for a different forum, but the court held that the defendant "has failed to show that Plaintiffs' claims 'cannot be adjudicated without analyzing whether the parties were in compliance with the contract.'"  *Id.* at *7 (citing *Manetti–Farrow*, 858 F.2d at 514).

20

21

22

23

24

25

26

27

[4] The tort claims at issue in *Manetti-Farrow* were: (1) conspiracy to interfere with contractual relations; (2) conspiracy to interfere with prospective economic advantage; (3) tortious interference with contractual relations; (4) tortious interference with prospective economic advantage; (5) breach of implied covenant of good faith and fair dealing; and (6) unfair trade practices.  858 F.2d at 511.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT ALICIA KAO'S MOTION TO DISMISS - 5
(No. 2:15-cv-01385-JCC)

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Here, Kao acknowledges and relies on *Manetti-Farrow*.  (Mtn. at 4:21 – 5:1.)  But her strained attempt to analogize the Suns' WSSA claims to the contractually-based torts in *Manetti-Farrow* necessarily fails.  For example, Kao argues that because Plaintiffs assert a right to rescission, the SPA necessarily is implicated.  (Mtn. at 5:8-14.)  But Kao misperceives or misrepresents the basis for the requested remedy.  Plaintiffs do not seek contractually-based rescission, *e.g.,* on grounds of mutual mistake.  Rather, their request for rescission is based on the statutory remedy provided for by the WSSA.  RCW 21.20.430; *see also Helenius v. Chelius*, 131 Wn.App. 421, 432, 120 P.3d 954 (2005) (Under the WSSA, "money damages are available only if the security cannot be recovered; in all other cases, rescission is the applicable remedy.")

The Suns' WSSA claims are analogous to those asserted in *Arreguin* and *Ryan*—and are distinguishable from *Manetti-Farrow*. [5]  The terms of the SPA are wholly irrelevant to a determination of whether Kao's conduct violated the WSSA.  <u>Kao's liability will be determined by the evidence of her violation of the statute, RCW 21.20.010 *et seq.*, not the interpretation of any contractual provision</u>.  The relevant inquiry does not require the Court to parse any contractual provision or determine whether or not ACH was in breach.  Kao's representations at issue occurred prior to the execution of the SPA—and, according to Kao, her discussions with the Suns were unconnected to negotiation of the terms of SPA.  (Kao Decl., ¶ 5.)

Like *Arreguin*, the Suns' rights under the WSSA exist regardless of what is written in the SPA.  And like *Ryan*, the Suns' claims can and must be resolved without resort to the SPA's terms.  In short, Plaintiffs do not sue for violation of the SPA.  The Suns' claims arise from Kao's conduct prior to the execution of the SPA, which is actionable regardless of the terms of the SPA.  Kao's motion to dismiss should be denied.

---

[5] The only other case cited by Kao, *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066 (11th Cir. 1987), is likewise distinguishable.  *Stewart* did not involve a tort claim, rather it was a "breach of contract action." *Id.* at 1067.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT ALICIA KAO'S MOTION TO DISMISS - 6
(No. 2:15-cv-01385-JCC)

**B.   Enforcement of the Forum Selection Provision Would Violate Washington Public Policy.**

In the alternative, the Court should decline to enforce the SPA's forum selection provision.  Federal courts do not enforce contractual forum selection provisions "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision."  *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)).  In *Doe 1*, the Ninth Circuit reversed dismissal of an action on account of a forum selection provision, because "the forum selection clause, together with the choice of law provision, effect a waiver of statutory remedies" in violation of California public policy.  *Id.* at 1083-84.

As in *Doe 1*, the SPA's forum selection provision, combined with its choice of law provision, are contrary to clearly stated Washington public policy and should not be enforced.

Washington courts, too, have made abundantly clear that forum selection provisions that frustrate the enforcement of Washington statutes are void.  For example, in *Dix v. ICT Group, Inc.*, 160 Wn.2d 826, 161 P.3d 1016 (2007), the Washington Supreme Court refused enforcement of a forum selection provision where enforcement would significantly impair Washington citizens' ability to seek relief under the Washington Consumer Protection Act. 160 Wn.2d at 842-43.  More recently, the Washington Court of Appeals declined to credit a forum selection provision where Washington's significant public policy interest in enforcing the Washington Law Against Discrimination would be frustrated by its enforcement.  *Acharya v. Microsoft Corp.*, __ Wn.App. __, 354 P.3d 908, 914-15 (2015) ("Preventing a Washington plaintiff from enforcing Washington law is contrary to public policy.").  The court concluded:

> In the present case, litigation in the designated forum, together with the choice of law clause, would foreclose Acharya's ability to pursue her claim for discrimination under WLAD.  Public policy in Washington dictates that such WLAD rights may not be waived by contract. … The trial court did not err in declining to enforce the forum selection clause.

*Id.* at 915.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT ALICIA KAO'S MOTION TO DISMISS - 7
(No. 2:15-cv-01385-JCC)

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

As in *Dix* and in *Acharya*, the SPA's forum selection provision is unenforceable as a matter of public policy.  The primary purpose of the WSSA is to protect Washington investors and it is construed liberally to this end.  RCW 21.20.010; *Guarino v. Interactive Objects, Inc.*, 122 Wn.App. 95, 109, 86 P.3d 1175 (2004).  Thus, Washington has a strong interest in ensuring the application of its securities laws to transactions taking place in this State, and the WSSA accordingly prohibits contractual provisions purporting to waive its protections.  *Ito Intern. Corp. v. Prescott, Inc.*, 83 Wn. App. 282, 288-89, 921 P.2d 566 (1996).

Here, enforcing the SPA's forum selection provision would have precisely that effect. Litigation in a California forum under an agreement containing a California choice of law provision would, as Kao openly admits, permit the argument that the WSSA "does not apply." (Mtn. at 8:8-9.)  If the WSSA does not apply and Plaintiffs must proceed under the California securities laws, they will have no remedy—the California securities law applies only to conduct occurring within California.  *See* Cal. Corp. Code § 25401 (1968) (prohibiting conduct occurring "in this state").[6]  Because Kao's wrongful conduct occurred in Washington, not in California, Plaintiffs may have no remedy if they must sue in a California forum under California law.  Washington public policy does not permit this result.

Kao should not be allowed to avoid Plaintiff's claims under the WSSA by retreating to a California forum and seeking application of California law.  Even if the SPA were to govern this dispute (it does not), the Court nonetheless should refuse to enforce it as against Washington public policy.  *Doe 1*, 552 F.3d at 1083; *Acharya*, 354 P.3d at 914-15.

---

[6] The current version of the California securities law provision does not include the "in this state" limitation.  *See* Cal. Corp. Code § 25401 (2015).  However, any action under the California securities laws is governed by the law in effect at the time of the transaction in question.  *See* Cal. Corp. Code § 25704(a) ("Except as expressly provided in this section, prior law exclusively covers all suits, actions, or prosecutions or proceedings which are pending or may be initiated on the basis of facts or circumstances occurring before the effective date of this law."); *see also City of Emeryville v. Cohen*, 233 Cal. App. 4th 293, 308 (2015) (legislation applied retroactively only where it contains express language of retroactivity or if other sources provide a clear and unavoidable implication that retroactive application was intended).

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT ALICIA KAO'S MOTION TO DISMISS - 8
(No. 2:15-cv-01385-JCC)

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## IV.    CONCLUSION

This is not a breach of contract action.  The Suns assert WSSA claims based on the misrepresentations and omissions that Alicia Kao made in Washington.  These statutory claims are independent of and unrelated to the terms of the SPA.

A forum selection clause is enforceable only where it governs the claims at issue <u>and</u> does not violate the public policy of the forum state.  Here, the forum selection provision that Kao asks this Court to enforce meets neither of these requirements.

Kao's motion to dismiss should be denied.

DATED:  November 9, 2015.

SAVITT BRUCE & WILLEY LLP

By:      */s/ Stephen C. Willey*
    Stephen C. Willey, WSBA #24499
    Matthew H. Rice, WSBA #44034
    1425 Fourth Avenue, Suite 800
    Seattle, WA  98101-2272
    Tel: (206) 749-0500; Fax (206) 749-0600
    Email: swilley@sbwllp.com
           mrice@sbwllp.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT ALICIA KAO'S MOTION TO DISMISS - 9
(No. 2:15-cv-01385-JCC)

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

## <u>CERTIFICATE OF SERVICE</u>

2      I certify that a copy of the foregoing document was filed electronically with the Court

3  and thus served simultaneously upon all counsel of record, this 9th day of November, 2015.

4

5                                                 _Ashlee Hooten_____

6                                                 Ashlee Hooten

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE                           SAVITT BRUCE & WILLEY LLP
(No. 2:15-cv-01385-JCC)                           1425 Fourth Avenue Suite 800
                                                  Seattle, Washington  98101-2272
                                                  (206) 749-0500