The Honorable John C. Coughenour

NOTE ON MOTION CALENDAR: NOVEMBER 13, 2015

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON OF SEATTLE

| | |
|---|---|
| YEI A. SUN and LIPING M. SUN, husband and wife; and HAIMING OWEN SUN, an individual,<br><br>                Plaintiffs,<br><br>    vs.<br><br>ADVANCED CHINA HEALTHCARE, INC., a Cayman Islands company; and ALICIA KAO, an individual,<br>                Defendants. | NO.  2:15-CV-01385<br><br>DEFENDANT ALICIA KAO'S REPLY IN SUPPORT OF HER MOTION TO DISMISS |

## I.  INTRODUCTION & RELIEF REQUESTED

The Plaintiffs agreed to adjudicate "any disputes arising out of *or related to* this Agreement" in the state courts in Santa Clara County, California.  Kao Decl., Ex. 1, Dkt. #17 at p.25, § 7.15.[1]  The forum-selection clause applies to Plaintiffs' statutory claims because those claims arise out of and are directly related to the Agreement and because adjudicating those claims will require the court to interpret the Agreement.  Plaintiffs failed to meet their heavy burden of showing that the valid forum-selection clause[2] should not be enforced in this case.  Because the forum-selection clause covers Plaintiffs' claims and giving effect to that clause will

---

[1] Exhibit 1 to the Declaration of Alicia Kao, which is The Advanced China Healthcare, Inc. Series B Preference Share Purchase Agreement (the "Agreement"), will be cited as "Agreement" with page numbers referring to the pagination within that document.

[2] Plaintiffs do not dispute that the forum-selection clause is valid and that Kao may enforce it in her individual capacity.

DEFENDANT ALICIA KAO'S REPLY IN SUPPORT OF HER
MOTION TO DISMISS – CASE NO. 2:15-CV-01385 – Page 1

SEBRIS BUSTO JAMES
14205 SE 36th Street, Suite 325
Bellevue, Washington 98006
(425) 454-4233 / Fax: (425) 453-9005

serve the public interest, Defendant Alicia Kao ("Kao") asks this Court to enforce the parties' bargained-for choice of forum and dismiss Plaintiffs' claims under the doctrine of *forum non conveniens*.

## II.   REPLY TO PLAINTIFFS' STATEMENT OF FACT

**A.   The Parties executed the Agreement.**

On January 6, 2011, Yei A. Sun and Liping M. Sun, as a couple, and Haiming Owen Sun executed the Agreement. Kao signed the Agreement on behalf of Defendant Advanced China Healthcare, Inc. ("ACH") in her capacity as ACH's president. Plaintiffs admit that Kao's alleged representations were made *before* they entered the contract. Pls.' Resp., Dkt. #21 at p. 2, lines 13-14.

**B.   The Agreement was fully integrated.**

The parties agreed that the Agreement, including attachments, constituted their entire agreement. Agreement, p. 16, § 7.9. This integration clause also specifically provided that neither party would be bound by any warranties, representations, or covenants "except as specifically set forth" in the Agreement. *Id.* These representations and warranties were contained in Articles 3 and 4. In other words, the Plaintiffs agreed in the contract that they were not relying on any prior representations made by Kao or anyone else.

## III.   LAW & ARGUMENT

**A.   The forum-selection clause applies to Plaintiffs' statutory claims.**

   **1.   The parties intended the forum-selection clause to apply broadly to all claims "related to" the Agreement.**

The forum selection clause applies to Plaintiffs' claims because they are "related to" the Agreement. The holding in *Ryan v. Microsoft Corp.*, cited by Plaintiffs, does not apply here because the forum selection clause in that case was written narrowly; it applied only to actions "arising out of" the contract. 2015 U.S. Dist. LEXIS 47753, *16 (N.D. Cal. 2011). The *Ryan* court explained that "'arising out of' and 'arising under' forum selection clauses apply only to 'disputes and controversies relating to the interpretation of the contract and matters of

performance.'" *Id.* at *16-17 (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983)).  "In contrast, a forum selection clause which covers disputes 'arising out of *or relating to*' a contract applies much more broadly, as 'the inclusion of the phrase "relating to" should lead to a "broader" interpretation.'"  *Ryan*, 2015 U.S. Dist. LEXIS 47753, *17 (emphasis added and internal brackets omitted) (quoting *Perry v. AT&T Mobility LLC*, 2011 U.S. Dist. LEXIS 102334, *4 (N.D. Cal. 2011)).

The forum-selection clause at issue here applies broadly to "any disputes arising out of *or related to* this Agreement."  Agreement, p. 17, § 7.15 (emphasis added).  Based on Plaintiffs' own case law, the forum selection clause here must be interpreted broadly and applied to statutory claims that *do not* require interpretation of the contract.  *See Ryan*, 2015 U.S. Dist. LEXIS 47753, *17.  Plaintiffs' statutory claims are "related to" the Agreement because they relate to Plaintiffs' purchase of ACH stock pursuant to the Agreement, a purchase Plaintiffs now seek to rescind.  Under the forum-selection clause's broad language, Plaintiffs' statutory claims are subject to that clause.

### 2. The forum-selection clause applies to Plaintiffs' claims even under the narrow standard because the Court must interpret the Agreement to adjudicate those claims.

Plaintiffs concede that the forum-selection clause applies to their claims if resolution of those claims requires interpretation of the Agreement.  Pls.' Resp., Dkt. #21 at p. 4, lines 20-23.  In *Arreguin v. Global Equity Lending, Inc.*, another of Plaintiffs' cases, the court noted that statutory claims are "inextricably intertwined with the construction and enforcement" of the contract where the defendant, in defending against the plaintiff's claims, "will inevitably assert its right[s] under the Agreement."  2008 U.S. Dist. LEXIS 66732, *10 (N.D. Cal. 2008) (quoting *Olinick v. BMG Entertainment*, 138 Cal. App. 4th 1286, 1294 (2006)).

Here, Kao will inevitably assert the Agreement's integration clause as a defense.  Where the alleged misrepresentations fall within the scope of an integration clause, a party may not rely on them to assert a fraud-in-the-inducement claim.  *See*, *e.g.*, *RNC Sys. v. Modern Tech. Grp.*,

1 *Inc.*, 861 F. Supp. 2d 436, 454 (D.N.J. 2012).  In *RNC*, the court found it "manifestly unreasonable for a party to rely on prior oral statements when the express language of the contract is written explicitly nullifying any previous agreements, oral or written." *Id.* (internal quotations omitted).  This is the law in both Washington and California; a party may not introduce parol evidence to add material representations to those contained in an integrated agreement.  *See*, *e.g.*, *Donatelli v. D.R. Strong Consulting Eng'rs, Inc.*, 179 Wn.2d 84, 115, 312 P.3d 620, 635 (2013) ("Under the parol evidence rule, if the written contract is fully integrated, ... parol (extrinsic) evidence is not admissible to add to, subtract from, or alter the terms of the contract—period."); Cal. Code Civ. Proc. § 1856(a) ("Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to the terms included therein may not be contradicted by evidence of a prior agreement or of a contemporaneous oral agreement").

Here, the parties' representations were included as terms of their fully integrated Agreement.  Agreement, pp. 3-12, Arts. 3-4 and p. 16, § 7.9.  As a result, Plaintiffs cannot rely on any alleged representations made by Kao to "add to, subtract from, or alter" these representations.  *Donatelli*, 179 Wn.2d at 115.  Plaintiffs concede that "the factual basis for [their] claims concerns Kao's conduct *prior to* and independent of the execution of the [Agreement]."  Pls.' Resp., Dkt. #21 at p. 2, lines 13-14.  This is exactly the type of extrinsic evidence that the parol-evidence rule prohibits.  Because Plaintiffs must rely only on representations within the Agreement to prove their claims, adjudicating Plaintiffs' claims will require interpretation of those representations as they are set forth in the Agreement.

**B.     The public-interest factors support dismissal.**

"The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and *furthers vital interests of the justice system*."  *Atl. Marine Constr. Inc. v. United States District Court*, 134 S.Ct. 568, 581, 187 L.Ed.2d 487, 501 (2013) (emphasis added and internal quotations omitted).  Plaintiffs attempt to shift to Kao their burden of showing that the private and public factors favor dismissal.  Pls.' Resp., Dkt. #21 at p. 4, n.3.  But in evaluating a motion to dismiss based on a forum-selection clause, the court "must deem

DEFENDANT ALICIA KAO'S REPLY IN SUPPORT OF HER
MOTION TO DISMISS – CASE NO. 2:15-CV-01385 – Page 4

SEBRIS BUSTO JAMES
14205 SE 36th Street, Suite 325
Bellevue, Washington 98006
(425) 454-4233 / Fax: (425) 453-9005

the private-interest factors to weigh entirely in favor of the preselected forum" and may consider only arguments about public-interest factors. *Id.* 134 S.Ct. at 582, 187 L.Ed.2d at 502. The party acting in violation of the forum-selection clause "must bear the burden of showing that the public-interest factors overwhelmingly disfavor a transfer." *Id.* 134 S.Ct. at 583, 187 L.Ed.2d at 503.

### 1. The court should not apply Washington choice-of-law principles.

By filing this action in violation of their contractual obligation to file suit in California, Plaintiffs wrongfully attempt to take advantage of Washington public policy to avoid dismissal. The Supreme Court, however, held that "a plaintiff who files suit in violation of a forum-selection clause enjoys no such privilege with respect to its choice of forum, and therefore it is entitled to no concomitant state-law advantages." *Atl. Marine Constr.*, 134 S.Ct. at 583, 187 L.Ed.2d at 503 (internal quotations omitted). This principle, announced by the Supreme Court in 2013, is in stark contrast to the Ninth Circuit's 2009 decision in *Doe 1 v. AOL LLC*, 552 F.3d 1077 (9th Cir. 2009), which Plaintiffs cite for the proposition that the Court should consider whether enforcement of a forum-selection clause would contravene a strong public policy of the forum in which suit is brought. Pls.' Resp., Dkt. #21 at p. 7, lines 3-5. To allow Plaintiffs' choice of forum to have such a significant effect on the Court's decision to enforce the valid forum-selection clause would bestow on Plaintiffs the very state-law advantages the Supreme Court forbade. Instead, the Court should apply the law identified in the choice-of-law provision or the law of the contractually selected forum. In either scenario, the Court here should apply California law, and Plaintiffs have not argued that California public policy would preclude dismissal of this action.

### 2. Plaintiffs will have access to all available remedies in California.

In any event, Plaintiffs have not persuasively argued that enforcing the forum-selection clause would deprive them of any substantive right in violation of Washington public policy. Plaintiffs sue under RCW 21.20.010. Compl., Dkt. #1 at p. 5, ¶¶ 22-23. California has adopted virtually identical language in its own securities law. Ca. Corp. Code § 25401. Both provisions

are modeled after a federal securities regulation codified at 17 C.F.R. § 240.10b-5. Indeed, the statutory schemes of both states are modeled after the same federal laws and are therefore virtually identical to each other. As a result, Plaintiffs would enjoy the same ability to enforce their rights in California as they would in Washington.

Rather than address this issue, Plaintiffs simply stated, without support, that California law would provide no remedy because the conduct occurred in Washington. Pls.' Resp., Dkt. #21 at p. 8, lines 11-13. Such speculation ignores the express terms of the Agreement, which provide that California law applies to the parties' dispute "as applied to agreements entered into among California residents to be performed entirely within California." Agreement, p. 15, § 7.4. In other words, the Agreement requires a California court to provide Plaintiffs with the same relief it would provide its own citizens, if appropriate.

### 3. Plaintiffs will have the opportunity to present their argument for Washington law to the California court.

Further, Plaintiffs will have the opportunity to present their argument that Washington securities law should control to the court in Santa Clara County. Plaintiffs, who bear a heavy burden to defeat the forum-selection clause, have not presented any evidence or analysis that a California court cannot be trusted to choose wisely between virtually identical laws. The court in *Manetti-Farrow* addressed this issue. In that case, the plaintiff contended that it should not be forced to litigate in an Italian court because "it cannot be assured that an Italian court will adequately safeguard its rights." *Manetti-Farrow*, 858 F.2d at 515. The Ninth Circuit found that this concern was speculative and reflected a "provincial attitude" regarding a foreign tribunal. *Id.* Similarly, Plaintiffs' assessment that they would be unable to vindicate their statutory rights in a California court is speculative and does not give California courts the credit they deserve.

### 4. Enforcement of the forum-selection clause does not depend on the viability of the choice-of law provision.

Plaintiffs contend that Washington's securities law, which they assert cannot be waived by agreement, demands that this Court disregard *both* the Agreement's choice-of-law clause *and*

DEFENDANT ALICIA KAO'S REPLY IN SUPPORT OF HER
MOTION TO DISMISS – CASE NO. 2:15-CV-01385 – Page 6

SEBRIS BUSTO JAMES
14205 SE 36th Street, Suite 325
Bellevue, Washington 98006
(425) 454-4233 / Fax: (425) 453-9005

its forum-selection clause.  These two separate provisions need not stand or fall together.  The Agreement provides that if any provision is found to be unenforceable, that provision shall be severed from the Agreement and "[t]he balance of this Agreement shall be enforceable in accordance with its terms."  Agreement, pp. 16-17, § 7.12.  Thus, even if Plaintiffs are correct that the choice-of-law provision is unenforceable, it is that provision alone that a court should refuse to enforce.  The forum-selection clause should remain in effect.

The Supreme Court made clear in *Atlantic Marine* that there is a strong public policy in favor of enforcing valid forum-selection clauses because doing so protects the parties' bargained-for expectations.  134 S.Ct. at 583, 187 L.Ed.2d at 503.  Plaintiffs have not met their heavy burden of showing that public-interest factors "overwhelmingly" disfavor dismissal.

### IV.   CONCLUSION

Plaintiffs agreed to litigate all disputes arising out of or related to the Stock Purchase Agreement in Santa Clara County, California.  Their statutory claims are related to the Agreement, and resolution of their claims will require interpretation of the Agreement.  Further, they have not made a sufficient showing that the public-interest factors overwhelmingly disfavor dismissal.  For these reasons, and the reasons set forth in her opening brief, Kao respectfully asks the Court to dismiss this action under the *forum non conveniens* doctrine, allowing Plaintiffs to refile their lawsuit in Santa Clara County.

DATED this 13th day of November, 2015.

SEBRIS BUSTO JAMES

/s/ M. Edward Taylor
M. Edward Taylor, WSBA #16864
Email: etaylor@sebrisbusto.com
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: 425-454-4233 / Fax:  425-453-9005
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I, April L. Jendresen, certify under penalty of perjury under the laws of the United States that, on November 13, 2015 I caused to be served the document to which this is attached to the parties listed below in the manner shown.

ATTORNEY FOR PLAINTIFF:

| | | |
|---|---|---|
| Stephen C. Willey, WSBA #24499 | [ ] | By United States Mail |
| Matthew H, Rice, WSBA #44034 | [ ] | By Legal Messenger |
| 1425 Fourth Avenue, Suite 800 | [ ] | By Facsimile |
| Seattle, Washington 98101-2272 | [ ] | By Overnight Fed Ex Delivery |
| swilley@sbwllp.com | [ ] | Via E-Mail |
| mrice@sbwllp.com | [X] | Via ECF |

/s/ April L. Jendresen
April L. Jendresen