THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YEI A. SUN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALICIA KAO, <br><br> Defendant. | CASE NO. C15-1385 JCC <br><br> ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendant Alicia Kao's Motion to Dismiss (Dkt. No. 16). Having thoroughly considered the parties' briefing, oral argument on March 11, 2016 (Dkt. No. 38), and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

In January 2011, Plaintiffs executed a Series B Preference Share Purchase Agreement with Alicia Kao and Advanced China Healthcare, Inc. (Dkt. No. 1 at 3.) Under this Agreement, Plaintiffs invested a total of $2,800,000 in Advanced China Healthcare. (*Id.*) Plaintiffs allege that they made these investments in reasonable reliance on material omissions or misrepresentations that Kao made in violation of the Washington State Securities Act. (Dkt. No. 1 at 3-5.) Plaintiffs also allege that the conduct at issue took place in Seattle, Washington. (*Id.* at 2-3.) Plaintiffs have already obtained a default judgment against Advanced China Healthcare. (Dkt. No. 31.)

Kao now moves the Court to dismiss this action under the doctrine of *forum non conveniens*, arguing that the Agreement contains a forum selection clause that applies to this dispute and requires that it be resolved in California. The forum selection clause states:

> With respect to any disputes arising out of or related to this Agreement, the parties consent to the exclusive jurisdiction of, and venue in, the state courts in Santa Clara County in the District of California (or, in the event of exclusive federal jurisdiction, the courts of the Northern District of California).

(Dkt. No. 17 at 25.) Plaintiffs argue that the forum selection clause does not apply to this dispute, but that even if it does, it should not be enforced. The Court will address these arguments in turn.

## II. DISCUSSION

### A. The Forum Selection Clause Applies to This Dispute

In *Manetti-Farrow, Inc. v. Gucci America, Inc.*, the Ninth Circuit held that "[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." 858 F.2d 509, 514 (9th Cir. 1988). Relying on *Manetti-Farrow*, Plaintiffs argue that because they are asserting statutory rights distinct from the Agreement itself, the Agreement need not be interpreted and the forum selection clause does not apply. But the forum selection clause in *Manetti-Farrow* was narrow: it applied only to controversies "regarding interpretation or fulfillment of the present contract." *Id.* at 511.

Here, the clause applies to all disputes "arising out of or related to" the Agreement. (Dkt. No. 17 at 25.) Clauses that only refer to disputes "arising out of" a contract "apply only to 'disputes and controversies relating to the interpretation of the contract.'" *Ryan v. Microsoft Corp.*, No. 14-CV-04634-LHK, 2015 WL 1738352, at *5 (N.D. Cal. Apr. 10, 2015) (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983)). "In contrast, a forum selection clause which covers disputes 'arising out of or relating to' a contract applies much more broadly, as 'the inclusion of the phrase "relating to" should lead to a broader interpretation.'" *Id.* (quoting *Perry v. AT&T Mobility LLC*, No. C 11–01488 SI, 2011 WL

4080625, at *4 (N.D. Cal. Sept. 12, 2011)). In other words, forum selection clauses that include "related" disputes do not require that the contract at issue be interpreted to apply. *See Perry*, 2011 WL 4080625, at *4 (holding that a forum selection clause that included "any action…relating to" a contract did not require the interpretation of the contract in order to apply); *see also Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987) (holding that a forum selection clause that applied to disputes "in connection" with a contract included "causes of action arising directly or indirectly from the business relationship evidenced by the contract"). The parties' dispute is inarguably *related* to the Agreement, because it was under the Agreement that Plaintiffs invested $2,800,000 in Advanced China Healthcare. (Dkt. No. 1 at 3.) Therefore, the Agreement's forum selection clause applies to this dispute regardless of whether the Agreement itself must be interpreted.[1]

### B.     The Forum Selection Clause Is Valid and Enforceable

Because the forum selection clause applies to this dispute, the Court next analyzes its validity and enforceability. Forum selection clauses are presumptively valid. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009). Plaintiffs have not contested the validity of the forum selection clause.

In order to enforce a forum selection clause and dismiss a case on grounds of *forum non conveniens*, a court must examine: "(1) whether an adequate alternative forum exists, and (2)

---

[1] In any case, the Agreement *will* be interpreted. In *Arreguin v. Glob. Equity Lending, Inc.*, the court found that in a dispute such as this, when a defendant will "inevitably assert" a contractual defense to a plaintiff's statutory claim, the forum selection clause is "'inextricably intertwined with the construction and enforcement' of the parties' agreement" and therefore applies. No. C07-06026 MHP, 2008 WL 4104340, at *4 (N.D. Cal. Sept. 2, 2008) (quoting *Olinick v. BMG Entertainment*, 138 Cal. App. 4th 1286, 1294 (Cal. Ct. App. 2006)). Here, Kao argues that she will "inevitably assert" the Agreement's integration clause and invoke the parol evidence rule as a defense to Plaintiffs' claims that they reasonably relied on her pre-integration statements. (Dkt. No. 23 at 3-4.) Consequently, the forum selection clause applies even under a narrow reading of its scope.

whether the balance of private and public interest factors favors dismissal." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142-43 (9th Cir. 2001). "[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. 568, 581 (2013).[2] The plaintiff's choice of forum "merits no weight." *Id.* Moreover, a court "should not consider arguments about the parties' private interests," but rather "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 582. To meet its burden, a plaintiff must therefore demonstrate that the public interest factors "overwhelmingly disfavor a transfer." *Id.* at 583. Only under "extraordinary circumstances" should a court decline to enforce a valid forum selection clause. *Id.* at 581. Such circumstances are not present in this case.

### 1. Plaintiffs Have Failed to Demonstrate That an Alternative Forum Does Not Exist

To demonstrate that an alternative forum does not exist, Plaintiffs must show that "the remedy provided by the alternative forum…is so clearly inadequate or unsatisfactory, that it is no remedy at all." *Lueck*, 236 F.3d at 1143 (quoting *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991)). Plaintiffs argue that an alternative forum does not exist, because if they are forced to sue in California, they may be provided with no remedy at all. The Court disagrees.

Plaintiffs base their argument on the Agreement's choice of law clause, which reads:
This Agreement shall be governed in all respects by the internal laws of the State

---

[2] Although Defendant is moving for dismissal rather than transfer, the standard is the same. *See Atl. Marine Const. Co.*, 134 S. Ct. at 580 ("[B]ecause both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.").

>of California as applied to agreements entered into among California residents to be performed entirely within California, without regard to principles of conflicts of law.

(Dkt. No. 17 at 23.) Plaintiffs argue that if the choice of law clause is enforced, they will have to bring their claims under Cal. Corp. Code § 25401, which makes it unlawful "for any person to offer or sell a security in this state" by means of a material misrepresentation or omission. Because the sale at issue here took place in Washington, Plaintiffs argue that § 25401 does not apply to their claims and they will have no remedy under California law. But Plaintiffs have failed to prove that the choice of law provision would be applied, and that if it is, Plaintiffs' claims would be unenforceable.

First, as Defendant points out, enforcement of the forum selection clause does not necessitate enforcement of the choice of law clause. The Agreement contains a severability clause providing that if any provision of the Agreement "becomes or is declared void," it "shall be severed from this Agreement" and "replace[d] with a valid and enforceable provision." (Dkt. No. 17 at 25.) Therefore, Plaintiffs will have the opportunity to argue that the choice of law clause should be severed from the Agreement and Washington State law applied.

Second, Plaintiffs may well be able to enforce their rights under California law. Defendant has essentially admitted that under the choice of law clause, the Agreement should be interpreted as if it were entered into in California, rather than in Washington. (Dkt. No. 23 at 5-6.) The Court agrees with Defendant that "the Agreement requires a California court to provide Plaintiffs with the same relief it would provide its own citizens, if appropriate." (Dkt. No. 23 at 6.) Plaintiffs' arguments to the contrary are purely "speculative." *See Manetti-Farrow*, 858 F.2d at 515 (finding a plaintiff's arguments that an Italian court would not "adequately safeguard its rights" to be "speculative" and dismissing under *forum non conveniens*). Most importantly, Defendant has agreed that if Plaintiffs sue her in California, she will not argue that California securities laws do not apply to the disputed transaction because it occurred in Washington State. (Dkt. No. 36 at 1.) Consequently, even if the choice of law clause is applied, Plaintiffs should

still be able to enforce their rights under Cal. Corp. Code § 25401.

The Court therefore finds that an adequate alternative forum exists.

### 2. The Balance of Public and Private Interest Factors Weigh in Favor of Transfer

Plaintiffs have also failed to prove that the public interest factors "overwhelmingly disfavor a transfer." These factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."*Atl. Marine Const. Co.*, 134 S. Ct. at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)).

Plaintiffs do not raise any arguments on these factors. Instead, relying heavily on *Doe 1*, Plaintiffs argue that the Court should find the forum selection clause unenforceable because "enforcement would contravene a strong public policy of the forum in which suit is brought." 552 F.3d at 1083. Plaintiffs argue that the forum selection clause contravenes Washington public policy because its enforcement would waive the protections of the Washington State Securities Act. However, in *Atl. Marine Const. Co.*, the Supreme Court held that "a plaintiff who files suit in violation of a forum-selection clause enjoys no such 'privilege' with respect to its choice of forum, and therefore it is entitled to no concomitant 'state-law advantages.'" 134 S. Ct. at 583. Therefore, Washington State public policy would seem to have no bearing on whether the parties' valid, bargained-for forum selection clause should apply.

Moreover, as the Court has already explained, Plaintiffs can only speculate that enforcement of the forum selection clause would waive the protections of Washington law. Again, it is not the Agreement's forum selection clause but rather its choice of law clause that mandates the application of California law. Therefore, if the forum selection clause is enforced, Plaintiffs may still bring suit in California under Washington law. And even if a California court enforces the choice of law clause, Plaintiffs still will not have waived their statutory remedies.

Unlike in *Doe 1*, in which the court refused to dismiss a consumer class action under *forum non conveniens* because the contractually agreed-upon forum did not permit such actions, 552 F.3d 1083-84, "California's policy is to protect the public from fraud and deception in securities transactions." *Hall v. Superior Court*, 150 Cal. App. 3d 411, 417 (Ct. App. 1983). Thus, even if the Court were to account for Washington public policy, which it seemingly need not, Plaintiffs' argument still does not convince.

The Court therefore finds that the balance of public and private interest factors favors dismissal.

### C. Conditional Dismissal

Even though the Agreement's forum selection clause is valid and enforceable, the Court "is nonetheless entitled to condition the dismissal." *Allianz Glob. Risks U.S. Ins. Co. v. Ershigs, Inc.*, No. C14-1255JLR, 2015 WL 5837543, at *6 (W.D. Wash. Oct. 6, 2015). In fact, the Court is "required to impose conditions if there is a justifiable reason to doubt that a party will cooperate with the foreign forum." *Leetsch v. Freedman*, 260 F.3d 1100, 1104 (9th Cir. 2001). Plaintiffs have raised sufficient concerns to warrant a conditional dismissal. The conditions are as follows.

First, Kao must submit to the jurisdiction of the California court in which Plaintiffs file suit, so long as the court is proper under the forum selection clause. *See Villar v. Crowley Mar. Corp.*, 782 F.2d 1478, 1481 (9th Cir. 1986) (upholding a dismissal under *forum non conveniens* that was conditioned on the defendant's agreement "to waive all jurisdictional, venue, and statute of limitations defenses").

Second, the statutes of limitations on Plaintiffs' California and Washington State law claims must be tolled for the pendency of this lawsuit. *See Allianz Glob. Risks U.S. Ins. Co.*, 2015 WL 5837543, at *6 (dismissing case under *forum non conveniens* on the condition that the defendant "treat the statute of limitations on [the plaintiff's] claims as tolled while this case proceeded"). Kao has already agreed to this condition. (Dkt. No. 36 at 2.)

1   Third, Kao must not argue that California securities laws do not apply to the disputed
2 transaction because it occurred in Washington State. Kao has already agreed to this condition.
3 (*Id.* at 1.)
4   Fourth, Kao must waive formal service of process. The Court permitted Plaintiffs to serve
5 a copy of the summons and complaint upon Kao via email and upon Kao's counsel via email and
6 FedEx in lieu of formal service. (Dkt. No. 14 at 1.) Plaintiffs alleged that Kao was living in
7 China at an unknown address, and that if service was not expedited, Kao might use allegedly
8 stolen funds to flee the country. (*Id.*) The Court was persuaded that if Plaintiffs were required to
9 use the internationally agreed means of service for China, they might be irreparably harmed. (*Id.*
10 at 2.) Therefore, in order to ensure that Kao will "cooperate with the foreign forum," the Court
11 requires that she waive formal service. Defense counsel agreed with this condition at the motion
12 hearing on March 11, 2016.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion for dismissal without prejudice based on *forum non conveniens* (Dkt. No. 16) is GRANTED subject to the following conditions:

   i.   Defendant submits to the jurisdiction of the California court in which Plaintiffs file suit so long as it is proper under the forum selection clause.

   ii.   All relevant California and Washington statutes of limitations are tolled for the pendency of this lawsuit.

   iii.   Defendant shall not argue that California securities laws do not apply to the disputed transaction because it occurred in Washington State.

   iv.   Defendant waives formal service of process.

//
//
//
//

1       DATED this 16th day of March 2016.

        John C. Coughenour
        UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS
PAGE - 9